Julian J. DONALD

v.

Bill DECKER, Sheriff of Dallas County, Texas.

No. CA 3–3891A.

United States District Court,
N. D. Texas,
Dallas Division.

Oct. 7, 1970.

Hume Cofer, of Cofer & Cofer, Austin, Tex., for petitioner.

Henry Wade, Dist. Atty., Dallas County, by Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Tex., for respondent.

WILLIAM M. TAYLOR, Jr., District Judge.

## FINDINGS OF FACT

### I.

### *Procedural Matters*

1. On the 4th day of June, 1970, when the petition for habeas corpus was filed in this case, and thereafter until June 12, 1970 when petitioner was enlarged on recognizance pursuant to order of this Court, the petitioner was in the custody of the respondent, Bill Decker, Sheriff of Dallas County, Texas, and petitioner was detained in custody by respondent at the Dallas County Jail in Dallas, Texas.

2. The respondent held the petitioner in custody at such time pursuant to a Capias issued on June 1st, 1970 by the District Clerk of Dallas County, Texas. Said Capias was issued pursuant to the Mandate of the Court of Criminal Appeals of the State of Texas, which Mandate was issued by the Clerk of said Court on May 26th, 1970. Said Mandate was issued pursuant to the determination and order of the Texas Court of Criminal Appeals on April 29th, 1970 overruling the Motion for Rehearing of appellant Julian J. Donald and affirming the October 26th, 1967 judgment, and the December 14, 1967 sentence of the Criminal District Court of Dallas County, Texas, by which the petitioner was convicted of the offense of theft of corporeal personal property of the value of $50.00 or over, by false pretext, and by which punishment was assessed at ten years imprisonment.

3. The petitioner urged that the writ be granted for the reasons stated in his application for the writ.

4. Petitioner has exhausted the remedies available in the courts of the State of Texas, in that petitioner duly and timely appealed to the Texas Court of Criminal Appeals from his conviction and petitioner properly pursued and exhausted the Texas post conviction remedy provided by Article 11.07, Vernon's Ann.Texas Code of Criminal Procedure, as construed by Ex Parte Young, Tex. Cr.App., 418 S.W.2d 824. All of the grounds stated above were presented and urged in the State Courts.

5. No prior petitions for habeas corpus have been filed in any Federal Court.

### II.

### FINDINGS OF FACT AS TO PETITIONER'S GROUNDS
### 1, 2, 3 and 4

A. Petitioner was charged by indictment returned May 9, 1966, with having committed the offense of felony theft on August 12, 1965; and the second paragraph of the indictment alleged a previous conviction of an offense of the same nature (obtaining money by false and fraudulent representations), in the State of New Mexico on February 24, 1957.

B. On September 23, 1966, before the pre-trial hearing, defendant filed his sworn application for probation, which application stated that he had never before been convicted of a felony in this or any other state, except as to a felony conviction in the State of New Mexico for which he had received a pardon.

C. On September 26, 1966 a pre-trial hearing was held in the case to determine preliminary motions and for arraignment of the defendant and for his plea. On that date the defendant was arraigned and he pled Not Guilty.

D. On October 23, 1967 the trial began and the State Court record contains the following:

1. The docket sheet on page 8 of the State Court record contains the following entry dated Oct. 23, 1967:

"Deft arraigned. Plead not guilty —Indictment read, deft plead not guilty". This entry was initialed by

the Judge presiding over the trial, Judge Penn Jackson.

2. On page 1 of the State Court Statement of Facts, which is page 244 of the State Court record, the following appears:

" * * * the Defendant having been previously arraigned and pled, 'Not Guilty,' the (first paragraph of the) Indictment was read aloud to the Jury, the Defendant again pled 'Not Guilty' ".

3. On page 117 of the State Court Statement of Facts, which is page 362 of the State Court record, the following appears:

"Whereupon the Defendant was arraigned by Mr. Stauffer reading the (first paragraph of the) Indictment, the Defendant pled 'Not Guilty', then the (first paragraph of the) Indictment was read aloud to the Jury by Mr. Stauffer, and the Defendant again pled 'Not Guilty' ".

E. On October 26, 1967 while the jury was still out deliberating on the Petitioner's guilt or innocence, the Petitioner filed his request that the jury assess the punishment in the event the defendant was found guilty, and such request was endorsed by the trial judge: "This was not filed until the trial had been held and the jury was deliberating. Penn J. Jackson J."

F. The jury returned its verdict of guilty on October 26, 1967 and was discharged. The second paragraph of the indictment was then read and the trial judge proceeded to hear the Petitioner's plea that the allegations in the second paragraph were not true, and after hearing the evidence decided the issue against the Petitioner and fixed his penalty at the maximum, ten years in the Texas Department of Corrections.

### III.
### FINDINGS OF FACT AS TO PETITIONER'S GROUND 5

A. During the hearing on the second paragraph of the indictment, concerning enhancement, heard by the Judge without the jury, State's Exhibits 7 through 11 (Vol. II of Statement of Facts) were offered and admitted into evidence over timely objection by defendant's counsel that the proper foundation had not been laid and that they were not exemplified. No other exhibit concerning New Mexico proceedings was offered in evidence.

### IV.
### FINDINGS OF FACT AS TO PETITIONER'S GROUND 6

A. During 1963, 1964 and 1965, until October 1, 1965, A.D. "Jim" Bowie was First Assistant Criminal District Attorney of Dallas County, Texas.

B. Criminal District Court No. 5 of Dallas County, Texas came into existence on October 4, 1965 and the said A. D. "Jim" Bowie was duly appointed as, and was sworn in as, the first judge of said court.

C. On May 9, 1966 the indictment in this case, State District Court No. C–66–1806–I, was presented in Criminal District Court No. 2 of Dallas County, Texas and was then transferred to and received by Criminal District Court No. 5.

D. At the pre-trial hearing, at which he presided, Judge Bowie testified that prior to assuming the bench of Criminal District Court No. 5 he had never heard of the Petitioner and did not participate in the investigation, grand jury hearing, trial preparation or anything whatsoever to do with this case, and had no knowledge that this case was pending or that a complaint was filed or presented to a grand jury.

E. Judge Bowie presided over the pre-trial hearing in this case on September 26, 1966, and at such hearing overruled the motion to disqualify himself, presided when the defendant was arraigned and pled not guilty, overruled defendant's Motion for Change of Venue, overruled defendant's motion to dispose of the pending cases made obsolete by the pending indictments, overruled

defendant's application for subpoena of witnesses for the pre-trial hearing, overruled defendant's Motion to Quash the Indictment; and on September 29, 1966 Judge Bowie overruled defendant's First Application for Continuance, and qualified defendant's Bill of Exception No. 1.

F. The actual trial of this case, which started on October 23, 1967, was presided over by Judge Penn Jackson, sitting for Judge Bowie. On said date, before the jury was selected, Judge Jackson ruled that the Court would take no further action on defendant's Motion to Produce, and also overruled motions to disqualify the District Attorney, to quash the indictment, to restrict State's Argument, to continue the trial, to suppress the testimony of Jane Savage and to quash the jury panel.

## CONCLUSIONS OF LAW

### I.

The Court finds that as a matter of law the Petitioner was not denied the right or opportunity to have his punishment assessed by the jury.

### II.

The Court finds that Art. 37.07 of the Texas Code of Criminal Procedure is not an ex post facto law which deprived the Petitioner of the right and opportunity to have the jury set his punishment.

### III.

■ The Court finds that subdivision (3) of sub-section (b) of Section 2 of Article 37.07 of the Texas Code of Criminal Procedure as enacted in 1967 which provides that the Defendant may elect to have a jury assess his punishment when he enters his plea in open court to mean that he may file such election at the time the indictment is presented to the jury and the Defendant pleads to them, the jury. The Court further finds that the time of entering his plea in open court as stated in such section does not mean such time as the arraignment of the Defendant but as above stated, the time the indictment is presented to the jury and the Defendant enters his plea at such time.

### IV.

The Court finds that the Petitioner was not deprived of the right or opportunity to elect to have the jury assess his punishment in this case even if subdivision 3 of sub-section (b) of Section 2 of Article 37.07 C.C.P. which provides that a defendant may elect to have the jury assess his punishment at the time he enters his plea in open court means he must file his election at the time of his arraignment and not the time of his plea before the jury because the Petitioner in this case was again arraigned on October 23, 1967, after the jury was selected and just before the indictment was presented to the jury, thus giving him the opportunity and right to file his election to have the jury assess his punishment.

### V.

The Court finds that the Petitioner was not deprived of the right under Article 37.07 to have the punishment assessed by the jury in this case wherein the jury could recommend probation. The Court finds that the jury could not recommend probation in this case because in both of the Petitioner's applications for probation he stated under oath that he had a prior felony conviction which, under said Article 37.07, would prevent the granting of probation to the Petitioner by the jury.

### VI.

■ The Court finds that the petitioner was not deprived of the right to have the question of probation submitted to the jury under Article 37.07 C.C.P., for the reason as stated above, that the petitioner had a prior felony conviction which would prevent the granting of probation by a jury.

### VII.

The Court further finds as a matter of law that the trial judge correctly

refused Petitioner's election to have the jury assess his punishment because the same was filed too late under the Code of Criminal Procedure in effect at the time of Petitioner's trial.

### VIII.

■ The Court finds that Article 37.-07 C.C.P., as amended in 1967 after Petitioner's indictment but before his trial, is not an ex post facto law as to the Petitioner because such law as amended is but a law of procedure of the State of Texas, leaving untouched the substantive law under which Petitioner was indicted.

### IX.

■ The Court finds that a person has no vested right in any partial remedy or procedure and cannot insist on the application to the trial of his case with any other then existing rules of procedure. Gibson v. State of Mississippi, 152 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075.

### X.

■■ The Court finds that statutes making changes in the remedy or proce dure are always within the discretion of the law making power of the state and as long as they do not deprive the accused of any substantial right or conflict with the provisions of the Constitution they are not ex post facto laws. Thus a change in the mode of trial, without changing the nature of the offense, or its constituent elements, or the nature or amount of evidence necessary to prove the charge, or altering the punishment, is not an ex post facto law. Beazell v. Ohio, 269 U.S. 167, 45 S.Ct. 68, 70 L.Ed. 216; Thompson v. Utah, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061; Duncan v. Missouri, 152 U.S. 377, 14 S.Ct. 570, 38 L.Ed. 485.

### XI.

■ The Court finds as a matter of law that Petitioner's Ground No. 5 dealing with the introduction at his trial of a prior felony conviction out of New Mexico deals with a rule of evidence of the State of Texas and thus does not present a Federal question under a Federal Writ of Habeas Corpus.

### XII.

■ The Court finds as a matter of law that Judge A. D. "Jim" Bowie, who presided over Petitioner's pre-trial hearing in this case, was not disqualified to preside over such hearing because he had been first assistant District Attorney in the past; and the fact that Judge Bowie did preside over such pre-trial hearing under the facts of this case did not deprive Petitioner of a fair and impartial trial.

### XIII.

The Court finds as a matter of law that the Petitioner's Application for Writ of Habeas Corpus is totally without merit and should be and is hereby denied.