**Maxine Kim CLEAVELAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47903.**

Court of Criminal Appeals of Texas.

April 10, 1974.

Joe Kegans, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Poe, Keno Henderson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is driving while intoxicated; the punishment ten days in jail and a fine of $500.00.

In view of our disposition of this cause, a recitation of the appellant's many grounds of error will not be necessary other than to observe that the question of punishment fell into the hands of the trial court. At the punishment hearing, after several character witnesses had appeared for the appellant and prior to the assessment of punishment by the court, the court inquired three times of counsel as to whether or not he intended to appeal. We quote from the trial court at the hearing on the motion for new trial:

"I told him [appellant's counsel] it would make some difference what the

verdict would be if he intended to tell me. In other words, if it was going to lay, I was going to let her [appellant] off for practically nothing, a real light sentence, but if he did intend to appeal it, I was going to make it substantially more."

We are able to reach but one conclusion from the above, and it is that the trial court endeavored to chill this appellant's right to appeal. Colburn v. State, 501 S.W.2d 680 (1973).

Further, we conclude that the court erred in refusing to permit the filing of a motion for probation prior to the voir dire examination of jury panel on the basis that the filing was untimely.

The judgment is reversed and the cause remanded for new trial.