Joe PACE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0470–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1982.

Discretionary Review Granted
April 28, 1982.

John Gascoigne, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

WARREN, Justice.

Appellant was convicted by a jury of robbery; his punishment, enhanced by a prior felony conviction, was assessed at confinement for 25 years.

The question is whether appellant made a timely election to have the jury assess punishment.

Tex.Code Crim.Pro.Ann. art. 37.07 § 2(b) provides in part:

... it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that...

(2) in other cases where the defendant so elects in writing *at the time he enters his plea in open court,* the punishment shall be assessed by the jury. (emphasis added).

The record shows that the following events occurred at trial, in the sequence as listed:

(1) the jury was voir dired;

(2) the jury was selected, empaneled and sworn;

(3) the accused entered his plea of not guilty in open court and in the presence of the jury;

(4) the court immediately instructed the jury regarding their conduct while serving as jurors and excused them until 2 p.m.;

(5) immediately thereafter, counsel for appellant offered for filing a written election to have the jury assess his punishment;

(6) the court sustained the State's objection to the filing, stating that it was his understanding that the written election should have been filed at the time of arraignment;

(7) at 1:45 p.m., before the jury was seated, appellant again attempted to file a written election to have the jury assess punishment but the clerk refused to accept it for filing and the court refused to order the clerk to file it; and

(8) the jury was seated at 2:00 p.m., the witnesses were sworn and the state began the presentation of its case.

The phrase "at the time he enters his plea in open court" (as stated in art. 37.07 § 2(b)) has been interpreted to mean at the time the defendant makes his plea to the indictment before the jury. *Toney v. State,* 586 S.W.2d 856 (Tex.Crim.App.1979); *Donald v. Jones,* 445 F.2d 601 (5th Cir. 1971).

We hold that the filing of a written election to have the jury assess punishment immediately following the defendant's plea before the jury, satisfies § 37.07 § 2(b) and

entitles the defendant to have his punishment assessed by the jury.

A strict construction of the statute would require a defendant to simultaneously verbally enter his plea before the jury and manually file his written election with the Clerk.

This would result in a practice that would at its best be awkward. We do not believe that the legislature intended such a result.

Reversed and remanded.