**Kenneth Ray POSTELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 191–84.**

Court of Criminal Appeals of Texas, En Banc.

July 24, 1985.

Michael B. Charlton, Steven M. O'Keefe, Candelario Elizondo, Douglas M. O'Brien, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Eleanor Montague, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This is an appeal from a conviction for burglary of a habitation with intent to commit theft. Punishment was assessed at life. We granted appellant's petition for discretionary review to determine when a defendant must file an election to have the jury assess punishment in cases where a pretrial hearing is held.

The record shows that during the pretrial hearing, the judge informed the appellant that he would have to make his election at that time as to who would assess punishment in the event of a guilty verdict by the jury. Although appellant objected to this procedure and argued that he should be allowed to wait and file his election after voir dire had been completed and the jury picked, appellant filed a written motion asking that the judge assess punishment. The Court of Appeals, relying on *Ceaser v. State*, 624 S.W.2d 669 (Tex.App.—Beaumont 1982, no pet.), held that in cases where a pretrial hearing is held in accordance with Article 28.01, V.A.C.C.P., the defendant may be required to file all pleadings and motions, including his election to have the jury assess punishment, at the pretrial hearing. *Postell v. State*, 663 S.W.2d 552 (Tex.App.—Houston [1st Dist.] 1983).

In his petition for discretionary review, appellant argues that the opinion of the Court of Appeals is incorrect in three respects: (1) the election to have the jury assess punishment does not have to be filed in accordance with the schedule set forth in Article 28.01, supra; (2) if Article 28.01, supra, is deemed to apply because said election constitutes a motion or pleading within the meaning of Article 28.01, supra, then appellant contends that the more specific statute of Article 37.07, V.A.C.C.P., should apply; and (3) if the Court deems that the schedule set forth in Article 28.01, supra, does apply to the election, then appellant did not receive notice of the pretrial hearing as required by that article.

We believe that the reasoning contained in the opinion of the Beaumont Court of Appeals in *Ceaser* is totally correct and further elucidation on the subject is unnecessary. Therefore, we adopt it in its entirety. Because we believe that it

directly answers appellant's first two contentions, we quote extensively therefrom:

"At the pretrial hearing under Art. 28.01, Sec. 1(2), the trial court is required to 'determine' the 'Pleadings of the defendant.' The defendant's pleadings are those set out in Art. 27.02, V.A.C.C.P., and (7) thereof lables as a pleading '[a]n election, if any, to have the jury assess the punishment if he is found guilty.'

"... Principal reliance [by appellant] is upon language found in *Toney v. State,* 586 S.W.2d 856, 858 (Tex.Cr.App.1979), where the court was passing upon a complaint that it was error to permit the State to interrogate the jury panel on punishment. In *Toney,* the court did not mention an Art. 28.01 pretrial hearing, but, in disposing of the contention then before it, said:

'The election must be made at the time the defendant enters his plea in open court. This has been interpreted to mean at the time the defendant makes his plea to the indictment before the jury.... In appellant's case, the alleged error occurred during voir dire of the jury panel, clearly well before any plea to the indictment by appellant. Therefore, appellant still had the election available and could choose to exercise it.'

Unquestionably, *Toney v. State,* supra, was decided correctly under the plain language of Art. 37.07, § 2(b), V.A.C.C.P., when there was no pretrial hearing.

"Appellant argues that this Court should find that 'the combined provisions of Article 27.02(7) and Articles 28.01, Section 1(2), C.C.P., are in conflict with the provisions of Article 37.07, Section 2(b)(2), C.C.P.,' and contends that the provisions of the latter statute are controlling....

"The duty of this court is to harmonize all of the statutory provisions and give full effect to each if such is possible under the established rules of statutory construction. See *Cuellar v. State,* 521 S.W.2d 277, 279 (Tex.Cr.App.1975), citing 53 Tex.Jr.2d, Statutes, Sections 119 through 204. In Section 186, 53 Tex. Jr.2d, at 280 (1964), it is written:

'It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.'

"See also, the general rule set out in 73 Am.Jur.2d, Statutes § 186, at 386 (1974). The provisions of Section 3.01, Code Construction Act, Tex.Rev.Civ.Stat. Ann. art. 5429b–2 (Supp.1980–1981), creates a presumption that the entire statute was intended to be effective and that a just and reasonable result was intended. The Code Construction Act is applicable to the Code of Criminal Procedure. *Barbee v. State,* 432 S.W.2d 78, 82 (Tex. Cr.App.1968).

"We can give effect to each of the several statutes by the simple expedient of confining the effect of Art. 37.07 § 2(b)(2), to cases in which there has been no pretrial hearing. This holding would then be consistent with Toney v. State, supra, as we read the published opinion.

"If, on the other hand, a pretrial hearing is held, the defendant would be required to file his pleadings—his *pleadings* including his election to have the jury assess his punishment (under Art. 27.02(7)—within the time prescribed by Art. 28.01, § 1(2).

"With such a construction, there is no conflict between the several statutes, and each is fully operative depending only upon whether or not a pretrial hearing is conducted." *Ceaser v. State,* 624 at 670–671.

As noted above, appellant argues in his third contention that even if Article 28.01, supra, does apply to the election, reversal should still occur in that he did not receive the notice as required by Section 2. The Court of Appeals held that although the record did not affirmatively show that appellant received ten days notice of the pretrial hearing, appellant made no showing of

harm or prejudice so as to justify reversal because of the lack of such notice.

Article 28.01, Section 2, supra, provides in pertinent part:

"When a criminal case is set for such pre-trial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters."

■■■■ We read this provision not as a mandatory notice provision of ten days for every pretrial hearing, but rather a condition that a defendant will not be held to the seven day filing limitation *unless* he has been accorded at least ten days notice of the pretrial hearing. Having construed the section in that manner, we find no prejudice occurring to appellant and we dismiss his third contention as being without merit. Compare *Barbee v. State*, 432 S.W.2d 78 (Tex.Cr.App.1968) and *Smith v. State* 468 S.W.2d 828 (Tex.Cr.App.1971) (where at time of trials Art. 28.01, supra, provided for five days notice, courts' action of holding pretrial hearings without five days notice to defendants did not constitute reversible error where no harm was shown).

The judgment of the Court of Appeals is affirmed.

CLINTON, Judge, concurring.

If a construction of a statute creates an irreconcilable (or even a reconcilable) conflict with another statute, then by definition that construction is patently incorrect.

In such a case, it is the construction which must be sacrificed, *viz*: *Toney v. State*, 586 S.W.2d 856 (Tex.Cr.App.1979)—not the clear unambiguous words of the statutes. Rather than undertake to make our own determination of a better procedure, I believe the problem is purely one of statutory interpretation and construction; perceiving no conflicts—irreconcilable or otherwise—between the statutes implicated in this cause I would adhere to the legislative scheme of things.

The straightforward question before us is, "When is the accused required to make his election to have the jury assess his punishment?"[1]

Article 37.07, § 2, which speaks to cases tried to a jury on a plea of not guilty,[2] provides in relevant part:

"(b) * * * (2) in ... cases where the defendant so elects in writing *at the time he enters his plea in open court,* the punishment shall be assessed by the same jury. If a finding of guilty is returned the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."[3]

Article 26.01, V.A.C.C.P., provides:

"In all felony cases, after indictment, and all misdemeanor cases punishable by imprisonment, there shall be an arraignment."

Article 26.02, V.A.C.C.P., states the purpose of arraignment:

"*An arraignment takes place for the purpose of* fixing his identity and *hearing his plea.*"

Article 28.01, V.A.C.C.P., provides in part:

"Sec. 1. * * * The pre-trial hearing shall be to determine any of the following matters:

1. It is important that the issue is framed in this way, for there is no requirement that an affirmative election be made to have the *court* assess the punishment.

2. All the discussion on this case is in the context of a *not guilty* plea which is to be tried to a *jury*. The law governing not guilty pleas to the court, or guilty pleas, is wholly different and unique to those procedures.

3. As initially written in 1965, § 2(b) provided that the judge was to assess punishment "except when the defendant, *upon the return of a finding of guilty,* requests that punishment be assessed by the jury." (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.) Acts 1967, 60th Leg., Ch. 659, p. 1739, § 22, rewrote § 2(b)(2) to read as it appears in the text above.

(1) *Arraignment of the defendant,* if such be necessary; and appointment of counsel to represent the defendant, if such be necessary;

(2) Pleadings of the defendant;

\* \* \*"

Article 27.02, V.A.C.C.P., provides in part:

"The pleadings and motions of the defendant shall be:

\* \* \* \* \* \*

(2) A special plea as provided in Article 27.05 of this code;

(3) A plea of guilty;

(4) A plea of not guilty;

(5) A plea of nolo contendere...;

\* \* \* \* \* \*

(7) *An election, if any, to have the jury assess the punishment.*" [4]

Finally, Article 36.01, V.A.C.C.P., provides for the proper order of proceeding at trial once a jury has been impaneled, in pertinent part as follows:

1. The indictment or information shall be read to the jury by the attorney prosecuting. \* \* \*

2. The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated." [5]

Reading those statutes together, I find it clear the Legislature contemplated the accused should be prepared to assert his right to have the jury assess his punishment at the time of arraignment or pretrial hearing at which a plea is entered, or lose that option as a matter of right. [6]

The trouble with adopting carte blanche the opinion in *Ceaser v. State,* 624 S.W.2d 669 (Tex.App. Beaumont 1982) no PDR history, is that it requires an election be made at a pretrial hearing at which the accused may not be called on to plead, thereby ignoring the dictate of Article 37.07, § 2(b)(2).

Furthermore, unlike Judge Miller, I do not see practical obstacles to such a plain reading of all germane statutes; it seems that everyone—the State, the accused, the court and society as a whole—has an interest in knowing whether punishment will be a fact determination to be submitted to the jury, before the panel is questioned. Indeed, under that procedure, the *accused* maintains control over whether the venire may be questioned about punishment. But see *Toney,* supra.

By affirmatively electing at such time to have the jury assess the punishment, as a practical matter, an accused is merely preserving that right by not waiving it. (It is even arguable that nothing precludes him from waiving that election at any later time up to the point at which a guilty verdict is returned,[7] see Article 1.14, V.A.C.C.P.,[8] and compare Article 1.13, V.A.C.C.P. [which addresses the statutory right to waive trial by jury on the issue of *guilt/innocence* ], but we need not decide that today.) If, as Judge Miller sees it, the defense is concerned about the "inability ... to voir dire the jury panel on the question of punish-

---

4. This item was also added by Acts 1967, 60th Leg., Ch. 659, p. 1738, § 17. See note 3, *ante.*

5. To be accorded some significance is that a plea of not guilty is merely "stated"—not "entered"—and implicitly by counsel rather than by the defendant personally. The plea had been "entered" at arraignment, pursuant to Article 26.12, V.A.C.C.P.

6. In his opinion Judge Miller alludes to an observation made by the trial judge to the effect that appellant "waived formal arraignment and entered a plea of not guilty on July 6, 1982." Since the making, as well the entry of a plea, is a primary part of "formal arraignment," exactly what appellant "waived" is unclear.

7. The Article 37.07, § 2 requirement that the accused elect the assessor of punishment is phrased so as to place an affirmative duty on the accused only if he wishes to elect the *jury.* If he wants the court to assess punishment, he need do nothing.

Thus, his failure timely to elect the jury (or his gratuitous affirmative election of the court) does operate under the terms of the statute to preclude the accused from thereafter changing his choice until after a guilty verdict has been returned, and then he may do so only with the consent of the State.

8. "The defendant in a criminal prosecution may waive any rights secured him by law except the right of trial by jury in a capital felony case." Article 1.14, supra.

ment," the obvious solution is—unlike what was done here—to invoke the right to have the jury assess punishment from the beginning.[9]

If the jury finds him guilty and the defendant no longer desires its assessment of his punishment, he may change his election if he can obtain the prosecutor's agreement. See Article 37.07, § 2(b), supra.

In the instant case, there is no indication from the record that appellant ever attempted to change his election at any time after he made it; without a showing that he attempted to obtain the State's consent to change his election after a verdict of guilty was returned, no indication of that desire was given. In my view, it is not sufficient to establish reversible error that he objected to the trial court's requiring

him to file his election for jury at the pretrial hearing, without also showing he (1) wanted to change his pretrial election; (2) attempted to avail himself of the statutory vehicle to change his election; and (3) was denied a jury trial on the issue of punishment.

Without any of these showings, I must agree with the court of appeals, that appellant has demonstrated no harm which would necessitate a reversal of his conviction.[10]

In any event, the majority and the dissenters both continue to create conflicts in our own statutory law by adhering to dubious observations of that law contained in a Fifth Circuit opinion; we should acknowledge the error of *Toney,* supra, and overrule it.[11]

---

**9.** Appellant insists the trial court forced him to "elect to go to *the Court*" for punishment at the pretrial and his objection is to "having to file a motion to have *the Judge* assess punishment at this time." In fact a review of the record clearly reflects the trial judge's argument to defense counsel was that the court would assess punishment *"unless* the defendant in writing elects prior to commencement of the trial that the *jury* assess the punishment."

Thus, the trial judge did not, under any construction, force appellant affirmatively to waive his right to trial by jury on the issue of punishment at the pretrial.

**10.** In that connection, however, I cannot agree with the majority's construction of § 2, Article 28.01, V.A.C.C.P., for when legislative history is examined its construction is demonstrably erroneous.

As initially enacted in 1965 the pertinent part provided that when a criminal action is set for a pretrial hearing contemplated by § 1, "the defendant shall have five days after notice of setting in which to file his motions, pleadings and exceptions ..." Characterizing the prescribed pretrial hearing as an "innovation," the Court left implementing it with respect to "notice" and other aspects largely to the discretion of a trial court. See, e.g., *Smith v. State,* 468 S.W.2d 828, 830 (Tex.Cr.App.1971); *Barbee v. State,* 432 S.W.2d 78, 84 (Tex.Cr.App.1968) and *Bosley v. State,* 414 S.W.2d 468, 470 (Tex.Cr.App.1967).

In 1979 Senator Tati Santiestaban introduced S.B. No. 449 to amend § 2; in part its caption states that it is an act "relating to the time for notice of a pretrial hearing in a criminal case and the time for filing motions, pleadings, and exceptions after such notice ..." Acts 1979,

66th Leg., ch. 113, p. 204, § 1. It passed the Senate on voice vote. The House "Bill Analysis" contains a section stating what the bill proposes to do and a section entitled "Bill Synopsis;" each states: *"In any event the defendant must have enough notice to allow him not less than 10 days in which to raise or file preliminary matters."* The analysis recounts that only one witness, a named representative of the Texas Criminal Defense Lawyers Association, spoke in favor of the bill, testifying "that the extended times for filing preliminary matters would result in more fairness toward defendants relative to pretrial procedure." Finally passed without modification over one recorded vote, amended § 2 reads as quoted in the majority opinion.

Coupled with the discretion to set the case for pretrial hearing granted a trial court by § 1, legislative history makes plain that the proviso in § 2 means that the trial court must give an accused sufficient notice of the hearing day to allow him ten days *in which to prepare and file his motions and other preliminary matters,* and that they must be filed seven days before the hearing to be considered by the trial court unless for good cause shown the trial court grants leave to file thereafter.

**11.** The issue in the Federal case was whether applying the 1967 amendment to Article 37.07, see note 3, *ante,* was ex post facto in nature. The Fifth Circuit found, "as did the United States District Judge," that petitioner "still had the opportunity to make an election because we interpret 'open court' as used in Article 37.07 subd. 2(b)(3) to connote the time the defendant makes his plea to the indictment before the jury in 'open court.'" *Donald v. Jones,* 445 F.2d 601, 604 (CA 5 1971). It cited no Texas authority,

Though I thus disagree with the rationale of the majority and the position of the dissents, ultimately my views lead to agreement with the result—an affirmance of the judgment of the court of appeals.[12]

Accordingly, I join just the judgment of this Court.

TEAGUE, Judge, dissenting.

Judge Miller, in the dissenting opinion that he has filed in this cause, correctly points out the following: "Every once and a while a case comes along that demonstrates how far removed the thinking of this court can travel from the general perception of the legal community." Also see Vol. 3, *Texas Criminal Practice Guide,* Section 74.01. This is one of those cases. In light of what occurred in the trial court, I am sure that members of the Bar who practice in Houston, either on occasion or full time, in light of how it has been done in the past, as to when a written election to have the punishment assessed must be filed, will find the majority opinion shocking and revolutionary, to say the least. And, contrary to Judge Miller's hopes he expresses in his footnote 4, in light of the facts of this cause and what the majority opinion states and holds, I do not perceive that the amending legislation that involves Art. 37.07, V.A.C.C.P., will make a hill of beans.

On direct appeal, Kenneth Ray Postell, appellant, asserted that the trial judge erred by forcing him, over objection, to file his election on punishment after a pretrial hearing had been held, which was prior to his counsel's voir dire examination of the jury panel and before he pled to the charging instrument in open court in the jury's presence. The record nowhere reveals or reflects that the pretrial hearing that was held was conducted in accordance with the provisions of Art. 28.01, V.A.C.C.P., upon which the majority relies.

A panel majority opinion of the Houston (First) Court of Appeals, see *Postell v. State,* 663 S.W.2d 552 (Tex.App.—Houston [1st] 1983), erroneously rejected the appellant's contention. Today, a majority of this Court puts its stamp of approval on that erroneous decision, and compounds its error by not properly discussing and resolving the several issues that are before us for review—in light of what occurred in the trial court. It does so by relying almost exclusively upon the Beaumont Court of Appeals decision of *Ceasar v. State,* 624 S.W.2d 669 (Tex.App.—Beaumont 1981), which held that *when the trial court holds a pre-trial hearing in accordance with the provisions of Art. 28.01, V.A.C.C.P.,* the defendant *may* be required to file at that hearing all of his pleadings, including his *election* as to whether the jury or the trial judge will assess punishment at his

nor had the United States District Judge in *Donald v. Decker,* 318 F.Supp. 563 (N.D. Texas 1970). Neither noticed that "before the jury" is not included in the amendment nor that the same act had amended Article 27.02 to include among pleadings an election to have the jury assess punishment, which in turn made it a matter for pretrial hearing under Article 28.01. Without some indication of consideration of such related matters, the respective findings of those Federal courts are not too persuasive.

Furthermore, even the reasoning of *Toney* is highly questionable. There, the accused did not invoke his right to jury assessed punishment at arraignment. When the State attempted to question the jury panel on punishment issues, the accused objected on the ground that, by operation of Article 37.07, § 2(b), his failure to invoke the right rendered punishment an issue for the court only and was of no concern to the jury. The trial court nevertheless permitted the

State to voir dire the jury on the issue of punishment.

In upholding the conviction, two judges of a panel reasoned that, since the time for invoking the right was *after* the jury was selected, the State should not be precluded from questioning the panel on punishment since it was still a possibility it would be a jury issue.

Such reasoning seems most dubious in light of the defendant's objection.

12. Also I do not subscribe to notions that a constitutional right to trial by jury "does not encompass the right to have the jury assess punishment" and that such right "in Texas is purely a creature of statute." A valid case against both may be made, especially since right to trial by jury is part of what the Texas Declaration of Independence was all about. However, I shall await the occasion when that issue is squarely presented.

upcoming trial in the event he is found guilty. Art. 27.02(7), V.A.C.C.P., provides that an election of the defendant as to punishment is one of the defendant's "pleadings." *Ceasar,* supra, also held that Art. 37.07, Sec. 2(b), supra, was only applicable when no pretrial hearing had been held in accordance with Art. 28.01, supra. It lastly held that there was no conflict between the provisions of Art. 28.01, supra, and Art. 37.07, Sec. 2(b), supra. I agree with the latter holding—in this instance.

In rejecting appellant's contention, the majority panel decision of the Houston (First) Court of Appeals also relied upon *Ceasar v. State,* supra. The majority opinion of this Court relies almost exclusively upon *Ceasar,* supra, in rejecting appellant's contention. In both instances, in light of what factually occurred in the trial court, the majority panel opinion of the court of appeals and the majority opinion of this Court are clearly erroneous.

I find, for the same correct reasons that Justice Bass stated in the dissenting opinion that he filed in *Postell v. State,* supra, that the majority of the panel of the Houston Court of Appeals and a majority of this Court were and are in error in relying upon Art. 28.01, supra, in rejecting appellant's contention. Justice Bass stated the following in the opinion he filed: "The pretrial hearing [that was held] did not meet the formal requirements set forth in Article 28.01, and as such was not a formal pre-trial hearing. The record does not show that the defendant was given the required notice. In fact, there is no evidence that the defendant was given any notice whatsoever that a formal pre-trial hearing would be held, and that [at that time] he would be required to file all of his motions, including his election [as to whether the trial judge or the jury would assess punishment]. Therefore, this cause does not fall within the *Ceasar* exception and should be controlled by the mandate of Article 37.-07(2)(b), V.A.C.C.P." The record clearly supports what Justice Bass stated. Note what the trial judge stated into the record when one of appellant's counsel made known that he did not want to make his election until after the jury had been selected: "The statute provides, as the Court understands it, Article 37.07 of the Texas Code of Criminal Procedure, section 2, subparagraph B provides that the Court shall assess punishment unless the defendant in writing elects prior to commencement of the trial that the jury assess the punishment... Unless you file your election at this time (which was prior to the voir dire examination of the jury and after a hearing had been held on the appellant's pretrial motions) [t]here will be no way for the Court to know what counsel would be entitled to voir dire the jury on without that election being made prior to the voir dire examination ..." Cf. *Toney v. State,* 586 S.W.2d 856 (Tex.Cr.App.1979).

Unquestionably, had the trial judge properly invoked the provisions of Art. 28.01, supra, then that statute might control the issue before us. But, he didn't. Art. 28.-01, supra, is as far removed from this case as Timbuktu is from Texas.

The author of the majority opinion in this cause does not discuss the applicability of Art. 37.07, supra, to this cause. He apparently has forgotten that in *Pace v. State,* (Tex.Cr.App., No. 170–82, October 19, 1983), this Court dismissed the State's Petition for Discretionary Review, which had requested this Court to review the decision of *Pace v. State,* 630 S.W.2d 765 (Tex.App. —Houston [1st] 1982), a unanimous panel opinion from the very same court that decided the cause before us, which had held that an election was timely filed as long as it was filed before the accused pled to the charging instrument before the jury.

In the court of appeals decision of *Pace v. State,* supra, Justice Warren, who authored that opinion, stated the following:

> The phrase 'at the time he enters his plea in open court' (as stated in art. 37.07, Sec. 2(b)) has been interpreted to mean at the time the defendant makes his plea to the indictment before the jury. *Toney v. State,* 586 S.W.2d 856 (Tex.Cr.App.1979); *Donald v. Jones,* 445 F.2d 601 (5th Cir. 1971).

Justice Whitham of the Dallas Court of Appeals, in the dissenting opinion he filed in *Jones v. State*, 644 S.W.2d 546, 552 (Tex.App.—Dallas 1982), also correctly pointed out the following:

> The phrase "in open court" in this section (Art. 37.07, Sec. 2(b), supra,) has been interpreted to mean at the time a defendant makes his plea to the indictment before the jury. *Donald v. Jones*, 445 F.2d 601 (5th Cir.1971); *Donald v. Decker*, 318 F.Supp. 563 (N.D.Tex.1970); *Toney v. State*, 586 S.W.2d 856 (Tex.Cr. App.1979).

Justice Warren, in *Pace v. State*, supra, also correctly stated the following:

> We hold that the filing of a written election to have the jury assess punishment immediately following the defendant's plea before the jury, satisfies Art. 37.07, Sec. 2(b) and entitles the defendant to have his punishment assessed by the jury.
>
> A strict construction of the statute would require a defendant to simultaneously verbally enter his plea before the jury and manually file his written election with the Clerk.
>
> This would result in a practice that would at its best be awkward. We do not believe that the legislature intended such a result.

Thus, until the charging instrument was read to the appellant in open court in the jury's presence, but before he entered his plea to the charging instrument, he had the right to elect whether the trial judge or the jury would assess the punishment in the event he was found guilty. *Jones v. State*, supra, and *Jones v. State*, 646 S.W.2d 449 (Tex.Cr.App.1983). Cf. *Wilson v. State*, 633 S.W.2d 952 (Tex.App.—El Paso 1982, No P.D.R.). The facts in *Pace v. State*, supra, reflect that the election that the defendant made in that cause occurred before the lunch recess and after the jurors had been excused for lunch. The election was held to be timely. In accordance with this Court's decision of *Toney v. State*, supra, which was decided over three (3)

years prior to what occurred in this cause, appellant should not have been forced to make his election prior to the jury voir dire. Art. 37.07, supra.

Lastly, the author of the majority opinion, and the majority of this Court, have apparently overlooked this Court's decision of *Cleaveland v. State*, 507 S.W.2d 769 (Tex.Cr.App.1974), in which this Court at page 770 held that the trial court "erred in refusing to permit the filing of a motion for probation prior to the voir dire examination of the jury panel on the basis that the filing was untimely."

In requiring the appellant in this cause to make his election as to whether the trial judge or the jury would assess the punishment, in the event he was found guilty, at a pre-trial hearing that was not conducted in accordance with the provisions of Art. 28.-01, supra, but which was nothing less than the "Harris County informal hearing on pretrial motions," was not only error, it was reversible error, and this Court should so hold. To the majority's contrary holding, I respectfully dissent.

MILLER, Judge, dissenting.

Every once and a while a case comes along that demonstrates how far removed the thinking of this court can travel from the general perception of the legal community. This is such a case. Much of the bench and bar will be quite surprised to learn that the defendant's election as to punishment should always have been irrevocably (except with consent of the State) made months or even years before trial or jury selection. To this pronouncement, I dissent.

We granted the appellant's petition for discretionary review to determine when a defendant must file an election to have the jury assess punishment in cases where a pre-trial hearing is held. First, it should be noted that the constitutional right to a trial by jury does not encompass the right to have the jury assess the punishment. *Bul-*

lard v. State, 548 S.W.2d 13 (Tex.Cr.App. 1977), rev'd. on other grounds, 665 F.2d 1347 (5th Cir.1982), vacated, Estelle v. Bullard, 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983). Rather, the right to have a jury assess punishment in Texas is purely a creature of statute. Article 37.07, § 2(b), V.A.C.C.P., provides:

"(b) Except as provided in Art. 37.071 (capital cases), if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."

Disposition of the ground of review then would seemingly turn on interpretation of the phrase "at the time he enters his plea in open court."

In Toney v. State, 586 S.W.2d 856 (Tex. Cr.App.1979), we considered a defendant's contention that it was error to permit the State to examine the jury panel on punishment during voir dire, as the defendant had not yet elected to go to the jury for punishment. In overruling the defendant's contention, we adopted the Fifth Circuit's construction of the phrase "at the time he enters his plea in open court" to mean at the time the defendant makes his plea to the indictment before the jury. See, Donald v. Jones, 445 F.2d 601 (5th Cir.1971); Donald v. Decker, 318 F.Supp. 563 (N.D. Tex.1970). This response to the reading of the indictment would occur after the jury has been voir dired, selected, and impaneled. See, Art. 36.01, V.A.C.C.P. We held, therefore, that it was not error for the State to examine the jury panel on punishment because the defendant still had his Art. 37.07, § (2)(b) election available and

could choose to exercise it. We noted that until the time has passed to make the election, the trial judge cannot know whether the jury or the bench will assess punishment.

In the case sub judice, the trial court, over objection, required the appellant to file his election on punishment at the time of the pre-trial hearing and prior to his voir dire of the jury panel. Obeying the trial court's order, appellant filed a written request to have the judge assess the punishment in the event a guilty verdict was returned by the jury. The Houston Court of Appeals found that when the trial court holds a pre-trial hearing in accordance with Art. 28.01, V.A.C.C.P., the defendant may be required to file all of his pleadings and motions, including his election to have the jury assess punishment, at the pre-trial hearing. In so holding, the Houston Court of Appeals relied on the Beaumont Court of Appeals case of Ceaser v. State, 624 S.W.2d 669 (Tex.App.—Beaumont 1981, no pet.).

In Ceaser, the Beaumont Court of Appeals found that the provisions of Art. 37.-07, § 2(b) and the Toney rule does not apply to cases in which a pre-trial hearing is held. Rather, the Court of Appeals found that the combined provisions of Art. 27.02(7) and Art. 28.01, § 1(2), V.A.C.C.P., control.

Article 28.01, V.A.C.C.P., provides in pertinent part:

"Sec. 1. . . . The pre-trial hearing shall be to determine any of the following matters:

. . . . .

(2) Pleadings of the defendant. . . ."

Article 27.02, V.A.C.C.P., provides in pertinent part:

"The pleadings and motions of the defendant shall be:

. . . . .

(7) An election, if any, to have the jury assess the punishment if he is found guilty. . . ."

We are thus presented with a conflict between the provisions of Art. 37.07, § 2(b) as construed by this Court in *Toney*, supra, and the combined provisions of Art. 28.01, § 1(2) and Art. 27.02(7). The former provision, as construed, would require the defendant to file his election to have the jury assess the punishment at the time he makes his plea to the indictment before a jury which has been duly selected, impaneled and sworn. The combined effect of the latter provisions would require the defendant to file his election at the pre-trial hearing, before voir dire of the jury panel and whether or not he entered a plea at the pre-trial hearing.

Art. 5429b–2, § 3.06, V.A.C.S. (The Code Construction Act) provides:

"Sec. 3.06. If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail."

This statute applies to criminal cases. V.T.C.A., Penal Code, § 1.05(b); *Chalin v. State*, 645 S.W.2d 265 (Tex.Cr.App.1982); *Ex parte Harrell*, 542 S.W.2d 169 (Tex.Cr. App.1976). See also, *Alejos v. State*, 555 S.W.2d 444 (Tex.Cr.App.1977).

Art. 37.07, § 2(b), V.A.C.C.P., is a special statute, with a specific and limited purpose. The statute deals strictly with the procedure to be employed in assessing punishment after a finding of guilty has been returned. Subsection 2 thereof explicitly dictates that an election to go to the jury for punishment, if any, is to be submitted in writing at the time the defendant enters his plea in open court. Article 28.01, V.A.C.C.P., however, is a general statute dealing with pre-trial hearings, and Art. 27.02, V.A.C.C.P., is a general statute dealing with the pleadings and motions of the defendant. Neither Art. 28.01, supra, nor Art. 27.02, supra, purports to deal specifically with the proper time to file an election

to have the jury assess punishment, as does Art. 37.07, § 2(b), supra. I would hold, therefore, that the provisions of Art. 37.07, § 2(b) prevail, and any election to have the jury assess the punishment applicable to the offense must be made at the time the defendant enters his plea in open court. It remains to be determined just when one "enters his plea in open court".

Black's Law Dictionary 983 (5th ed. 1979) defines "open court" as a court "which has been formally convened and declared open for the transaction of its proper judicial business." It follows then that anytime a court is performing some function of judicial business prescribed by the Code of Criminal Procedure it is "open".

The Code of Criminal Procedure contemplates two times when a defendant shall enter his plea. Both times are, according to our previous discussion, de facto "in open court." The first is arraignment under Arts. 26.02 and 26.11, V.A.C.C.P., which provide:

"Art. 26.02 Purpose of Arraignment. An arraignment takes place for the purpose of fixing his identity and hearing his plea."

"Art. 26.11 Indictment Read. The name of the accused having been called, if no suggestion, such as is spoken of in the four preceding Articles, be made, or being made is disposed of as before directed, the indictment shall be read, and the defendant asked whether he is guilty or not, as therein charged."

The second is when the indictment is read to the jury and the defendant is entering a plea of not guilty as described in Art. 36.-01(1) and (2), V.A.C.C.P., which provides:

"Art. 36.01. Order of Proceeding in Trial. A jury being impaneled in any criminal action, the cause shall proceed in the following order:

1. The indictment or information shall be read to the jury by the attorney prosecuting. . . .

2. The special pleas, if any, shall be read by the defendant's counsel, and if

the plea of not guilty is also relied upon, it shall also be stated...." [1]

In the case at bar the defendant was not arraigned during the pre-trial hearing as authorized by Art. 28.01, § 1, V.A.C.C.P.[2] Therefore, he did not enter his plea in open court at that time. Accordingly, it was error for the trial court to compel him to make his election as to punishment at that time.

Even had appellant been arraigned at the pre-trial, there is no authority for the proposition that his election as to punishment could be compelled at that time. Indeed, (and this is the real key to this case) at arraignment and at pre-trial the defendant may not even have counsel. Art. 28.01, § 1(1)(appointment of counsel), V.A.C.C.P. The trial itself may not take place for months, perhaps years, after arraignment or pre-trial. Art. 28.01, § 1(5) (continuance), V.A.C.C.P. The trial may not even take place in the same county as the arraignment or pre-trial. Art. 28.01, § 1(7) (change of venue), V.A.C.C.P. Even the evidence available at the pre-trial may not be discovered until later. Article 28.01, § 1(8) (discovery), V.A.C.C.P. Evidence might also be disallowed after arraignment or after the time during pre-trial that the judge compelled the punishment election. Article 28.01, § 1(6) (motion to suppress), V.A.C.C.P. Rather than ignore the fact that regardless of what happens at the pre-trial hearing, the defendant will still, under Art. 36.01(2), V.A.C.C.P., enter his plea in open court at a time subsequent to the pre-trial hearing, we must agree with the following statement of the El Paso Court of Appeals: "The order of trial dictates that voir dire be conducted prior to the deadline for election as to sentencing."

*Wilson v. State*, 633 S.W.2d 952, 957 (Tex. App.—El Paso 1982). I would therefore hold that the arraignment is simply not a time when a trial judge can compel election as to punishment. Accord, *Pace v. State*, 630 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1982, pet. dism'd). The time when "he enters his plea in open court" then is the time the defendant makes his plea to the indictment before the jury. *Toney*, supra.

The *Toney* rule makes perfect sense because: 1) it fixes the identity of the trial judge, who in many courthouses may not be the judge who conducted the pre-trial hearing; and, 2) it affords an accused the opportunity to see, examine, and strike jurors prior to having to make an election as to whether the jury or judge shall assess the punishment. Juror attitudes regarding punishment are quite diverse—what more cogent area of inquiry should trial counsel be allowed to make before he is required to choose the authority which will assess his punishment? If the Texas statutory right of election is going to be meaningful, it should be informed and intelligently made. To compel a blind election between a trial judge (and his attendant punishment reputation) and twelve faceless citizens (whatever their attitudes on punishment may be) is to truly deprive a criminal defendant of a valuable right. Consequently, I would find that the trial judge erred in requiring the appellant, over objection, to file his election on punishment at the pre-trial hearing.

This error was compounded then by the inability of the appellant to voir dire the jury panel on the question of punishment.[3] Although no election as to punishment was filed at the time appellant entered his plea

---

1. Art. 26.14, V.A.C.C.P., of course, mandates that the jury assess punishment if the plea is guilty, permitting the defendant to select the judge to assess punishment by waiver of jury, not by election.

2. The record reflects that appellant waived formal arraignment and entered a plea of not guilty on July 6, 1982. The pre-trial hearing was conducted on August 2, 1982.

3. This seems to have been the motivation of the trial judge in compelling the election when he did. The statement of facts quotes the judge as saying that the election was being ordered before voir dire because "[t]here will be no way for the Court to know what counsel would be entitled to voir dire the jury on without that election being made prior to the voir dire examination." During the voir dire the prosecutor asked potential jurors if they could "leave it [punishment] in the hands of the Judge...?"

to the indictment in open court in front of the jury, I take that as proper conduct of appellant's attorney in acquiesing to the previous order of the trial court that the election be filed at pre-trial. Appellant's well articulated objection at that time was sufficient to preserve error. See, *Gibson v. State*, 549 S.W.2d 741, 743, 746 (Tex.Cr. App.1977). Moreover, the absence of voir dire questioning about punishment precluded the making of any rational choice when the plea was entered in front of the jury. It is the wrongful de facto denial of this statutory right to have the jury set punishment that provides the harm requiring reversal.

To the judgment of the majority of this court holding otherwise, I dissent.[4]

ONION, P.J., joins.

---

**4.** Hopefully, in the opinion of the writer, some of the mischief done by the majority opinion will be alleviated in the future by S.B. 148, effective September 1, 1985, which amends Art. 37.07, § 2(b), C.C.P., to allow a defendant's election of the judge or the jury to assess punishment "before the commencement of the voir dire examination of the jury panel" instead of "at the time he enters his plea in open court."