

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 27, 1992

Honorable Gibson D. (Gib) Lewis
Speaker
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-177

Re: Whether a teacher returning to work after a leave of absence for temporary disability must be placed on active duty, and if so, when such service must commence (RQ-416)

Dear Mr. Speaker:

You have requested our opinion regarding the interplay between sections 13.352(d) and 13.905 of the Education Code. Specifically, you ask the following:

1. What is the meaning of the word "term" in [section] 13.905(e); and

2. How is the provision in Section 13.905 requiring placement of an employee after leave of absence in a position interpreted in light of Attorney General Opinion DM-27 (1991) interpreting Texas Education Code Section 13.352(d)?

You set forth the following fact situation:

[A] teacher was diagnosed by her physician as having a serious illness which precipitated the teacher's request for leave of absence under Section 13.905. Two months later, in January of 1992, the teacher learned that the diagnosis was incorrect, that she had no debilitating disease, and that she could return to work. No position for which she is qualified was available at the school in which she taught prior to her taking a leave of absence. Further, after interviewing with other principals throughout the district, no placement offers were made to this particular teacher.

Section 13.905 states in pertinent part as follows:

> (a) Each certified, full-time employee of a school district shall be expected to be given a leave of absence for temporary disability at any time the employee's condition interferes with the performance of regular duties. The contract and/or employment of the employee cannot be terminated by the school district while on a leave of absence for temporary disability. Temporary disability in the Act includes the condition of pregnancy.
>
> . . . .
>
> (e) An employee returning to active duty after a leave of absence for temporary disability shall be entitled to an assignment at the school where the employee formerly taught, subject to the availability of an appropriate teaching position. In any event, the employee shall be placed on active duty no later than the beginning of the next term.

As this office has stated previously, section 13.905 protects an employee's tenure and right to return to active employment while that employee takes a leave of absence for temporary disability. Attorney General Opinion H-352 (1974) at 2.

Section 13.905(e) requires that the employee be "placed on active duty no later than the beginning of the next *term.*" [Emphasis added.] Your first question asks whether the word "term," as section 13.905(e) uses it, refers to a school year or a semester. The Education Code does not expressly define "term." Additionally, we were unable to find any legislative history indicating the sense in which the legislature intended to use the word.

We note, however, that in 1973, at the time the legislature enacted section 13.905, section 16.310 of the Education Code required foundation school programs to pay classroom teachers for the "180-day school *term*" during which the teachers provide instruction for pupils plus at least ten days "of inservice education and preparation for the beginning and ending of the school *term.*" Educ. Code § 16.310 (current version at Educ. Code § 16.0559(b)) [emphasis added]; *see also* Attorney General Opinion H-352 at 4. In our opinion, therefore, when the legislature enacted section 13.905(e), it understood "term" to mean the 180-day period during which teachers instruct students. Although the legislature since has amended and

renumbered section 16.310, we do not believe the legislature intended to change the meaning of the word "term" as section 13.905(e) uses it.

Furthermore, we note that the Texas Education Agency (the "agency") has, by rule, interpreted the word "term" to mean the school calendar year, as opposed to a semester. *See* 19 T.A.C. §§ 105.71(a)(1)(H), (a)(2)(B), 105.72(e). *Compare* 19 T.A.C. § 105.254 (limiting number of days of sick leave employee may earn in any one school *term* to five) *with* Educ. Code § 13.904(a) (providing for state minimum sick leave program consisting of five days per *year* sick leave). Unless an agency's interpretation of an unambiguous statute is contrary to the statute's clear meaning, a court will give weight to the agency interpretation. Attorney General Opinion JM-1149 (1990) at 2. In our opinion, the agency's rules use "term" in the manner in which the legislature intended, and we therefore credit the agency's interpretation. Accordingly, we construe section 13.905(e) to require a school district to place an employee who wishes to return from leave of absence for temporary disability on active duty no later than the beginning of the next school year, *i.e.*, the 180-day period during which teachers instruct students.

Your second question requires us to consider how section 13.905 interacts with section 13.352(d)(1), which provides as follows:

> Each principal [of a school] shall:
>
> > approve all teacher and staff appointments for that principal's campus from a pool of applicants selected by the district or of applicants who meet the hiring requirements established by the district, based on criteria developed by the principal after informal consultation with the faculty.

This office examined section 13.352(d)(1) in Attorney General Opinion DM-27 (1991). That opinion found that the legislature amended section 13.352(d) to its present form in 1990 for the purpose of providing principals more control over their campuses. Attorney General Opinion DM-27 at 2 [and sources cited therein]. Ultimately, the legislature hoped to make principals more accountable for campus conditions and student achievement. *Id.* After considering the legislative history of the amendments to section 13.352(d), the opinion concluded that the section authorizes "public school principals to approve all teacher and staff appointments on their campuses." *Id.* at 2-3. Accordingly, under section 13.352(d), principals are not

required to accept teachers that the school district has approved for transfer to their campuses. *Id.* at 3.

If an irreconcilable conflict exists between two statutes, the last enacted, as the most recent expression of legislative intent, controls and implicitly repeals inconsistent prior enactments. Gov't Code § 311.025(a); Attorney General Opinion H-975 (1977) at 2 (citing *Commercial Standard Fire & Marine Co. v. Commissioner of Ins.*, 429 S.W.2d 930 (Tex. Civ. App.--Austin 1968, no writ)); Attorney General Opinion H-90 (1973)); 1A SUTHERLAND STATUTORY CONSTRUCTION § 22.22, at 238 (4th ed. 1985) [hereinafter SUTHERLAND]. If, however, we reasonably can construe two statutes harmoniously, finding a logical field of operation for each, we should do so. *Postell v. State*, 693 S.W.2d 462, 464 (Tex. Crim. App. 1985); *see also* 2A SUTHERLAND, *supra*, § 45.12, at 61-62 (5th ed. 1992); 2B SUTHERLAND, *supra*, § 53.01, at 229-30 (5th ed. 1992). We believe that, by construing section 13.905(e) in light of apparent legislative intent, we can avoid any conflict between these two statutes.

By its terms, section 13.905(e) evidences a presumption that the teacher will return to the school at which the teacher originally worked. The first sentence of the subsection provides that the teacher "shall be entitled to an assignment *at the school where the employee formerly taught.*" [Emphasis added.] The following sentence, which requires that the teacher be returned to active duty no later than the beginning of the next term, does not indicate *where* the teacher shall be placed on active duty: at the school at which the employee formerly taught, or at another campus within the school district. Inasmuch as the teacher's contract is with the school district, rather than with any particular school, one might read the second sentence to mean that the district can place the teacher at any campus within the school district. However, unless the district places the teacher with a principal who voluntarily has approved the teacher's appointment to the principal's campus, the district will run afoul of section 13.352(d)(1) of the Education Code.

We believe that the second sentence of section 13.905(e) of the Education Code carries forward the legislative presumption that the school teacher will return to active duty at the school at which the teacher formerly taught. In subcommittee hearings on House Bill 740, which bill ultimately became section 13.905(e) of the Education Code, subcommittee members expressed concern that the language which is essentially the present first sentence would permit a school teacher who had been on leave of absence for temporary disability to return to the classroom when

only one or two weeks remained in the school year. *See* Hearings on H.B. 740 Before the House Subcomm. on Public Education, 63d Leg., (Apr. 3, 1973) (testimony of Rep. Barnhart) (tape available from Office of the House Committee Coordinator). Some members felt that returning at such a time would be disruptive for the students. *Id.* Apparently, therefore, the legislature added the second sentence of subsection 13.905(e) to mean that, in such a situation, the school may delay the teacher's return until the beginning of the next school year. The legislature did not intend the second sentence to imply that the teacher would be placed on active duty at another campus within the school district. Of course, if a principal at another campus within the district voluntarily approves the appointment of the returning teacher to his or her campus, the district may place the teacher at that campus. If not, however, we believe that the district must place the returning teacher on active duty at the school at which the teacher formerly taught.

## S U M M A R Y

Section 13.905(e) of the Education Code requires a school district, before the beginning of the next school year, to place on active duty an employee who wishes to return from a leave of absence for temporary disability. A principal at another campus in the school district voluntarily may approve the appointment of the employee who wishes to return from leave of absence. However, if no other principal approves by the beginning of the next school year, the school district must place the teacher at the school at which the teacher formerly taught.

Very truly yours,

DAN MORALES
Attorney General of Texas

p. 929

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General