Victoria Anita TEUBNER, Appellant,

v.

The STATE of Texas, Appellee.

John Michael TEUBNER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–86–445–CR, A14–86–446–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 29, 1987.
Discretionary Review Refused
Feb. 17, 1988.

58

Donald W. Rogers, Jr., Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellants appeal their convictions for bodily injury to a child. Both appellants were charged with the same offense and tried jointly. Their appeals are considered together.

John and Victoria Teubner were indicted and pled not guilty to the charge of bodily injury to a child. A jury found them guilty, and the court assessed punishment at ten years confinement and a $5,000 fine for each appellant. Appellants appeal from their convictions. We affirm.

The trial evidence showed that the appellants, the victim's father and stepmother, subjected the victim, an eleven-year-old girl, to a series of severe beatings with a leather belt.

■ The appellants' first point of error contends that the trial court erred in denying each appellant the right to have a jury assess punishment, pursuant to article 37.-07, section 2(b) of the Texas Code of Criminal Procedure.

It is the trial judge's responsibility to assess punishment following a guilty verdict by a jury, unless a defendant files a motion for probation before the trial begins or the defendant elects in writing to have the jury assess punishment. *Toney v. State*, 586 S.W.2d 856, 858 (Tex.Crim.App. [Panel Op.] 1979). The written election must be made "before the commencement of the voir dire examination of the jury panel." Tex.Code Crim.Proc.Ann. art. 37.-07 § 2(b) (Vernon 1981 & Supp.1987). This is a change from the former language of section 2(b), which stated that the election had to be made at the time the defendant entered his plea in open court.

The record shows that appellants' election for jury punishment was not filed until after the jury was selected, and both appellants had pled not guilty. Therefore, it was not timely, and the trial court properly assessed punishment.

Appellants urge this court to follow the holding of the First Court of Appeals in *Pace v. State*, 630 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1982, pet. dism'd). *Pace* held that the filing of a written election immediately following the defendant's plea before the jury satisfied article 37.07, and entitled the defendant to jury punishment. We note that *Pace* was decided under the former article 37.07, and is not applicable to the present case. The language of article 37.07 now states clearly that a defendant must elect jury punishment before jury voir dire. Appellants' first point of error is overruled.

■ In appellants' second point of error, they claim that the injury to a child statute, Texas Penal Code section 22.04, violates the fair notice requirements of due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and article 1, section 10 of the Texas Constitution.

Appellants base this claim on their belief that section 22.04 does not give a parent or person acting in place of a parent reasonable notice of the exact conduct or degree of conduct constituting "serious bodily injury" under the statute, and is therefore void for vagueness. Appellants fear that the statute as written will leave the trier of fact free to apply its own standard of "rea-

sonable" or "excessive" conduct. We disagree.

The Penal Code defines "bodily injury" as "physical pain, illness, or any impairment of physical condition." Tex.Penal Code Ann. § 1.07(a)(7) (Vernon 1974). As common sense and childhood memory teaches, spanking involves some degree of physical pain. However, the Penal Code limits the degree of force a parent or stepparent may use against a child to that which is reasonably believed "necessary to discipline the child or to safeguard or promote his welfare." Tex.Penal Code Ann. § 9.61(a) (Vernon 1974).

The various sections of the Penal Code do not stand in isolation, but are part of an integrated statute. It is presumed that the appellants were aware of all provisions of the Penal Code which were in effect at the time of the offense. Tex.Penal Code Ann. § 8.03(a) (Vernon 1974).

Moreover, in previous cases, the courts have upheld Penal Code section 22.04 where it has been attacked as unconstitutionally vague. *See, e.g., Phillips v. State,* 588 S.W.2d 378 (Tex.Crim.App.1979); *Nabors v. State,* 508 S.W.2d 650 (Tex.Crim. App.1974).

Texas Penal Code section 9.61 permits the use of force against a child under a "reasonable belief" standard. However, force going beyond that which is necessary for discipline is prohibited. The question in this case is whether the appellants reasonably believed their use of force was necessary to discipline their child.

From the evidence presented, no reasonable person could possibly believe the conduct was justifiable. The child was subjected to a savage beating with a leather belt on two successive nights. On the first night, Victoria Teubner took over the whipping when her husband tired himself. On the second night, they gagged their daughter to stifle her crying. The photographs admitted into evidence offer a grim record of the effects of the beating. The appellants could not have reasonably believed that the degree of force used was necessary for disciplinary purposes. Appellants' second point of error is overruled.

The judgment of the trial court is affirmed.