cr5-099.Graham 



 TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00099-CR







James David Graham, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0944774, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM



 A jury found James David Graham guilty of bodily injury to a child. Act of May
29, 1989, 71st Leg., R.S., ch. 357, § 1, 1989 Tex. Gen. Laws 1441, amended by Act of May 27,
1991, 72d Leg., R.S., ch. 497, § 1, 1991, Tex. Gen. Laws 1742 (Tex. Penal Code Ann. § 22.04,
since amended). After Graham pleaded true to enhancement paragraphs, the court assessed
punishment at twenty years' imprisonment. By a sole point of error, Graham contends that,
despite his failure to object at trial, the trial court fundamentally erred in its jury charge
instructions. We will affirm the judgment of conviction.



 FACTS

 Todd Davidson, a six-year-old boy, was living with his mother, April Wood, and
appellant, her boyfriend. In the late-morning on a July day in 1993, the child's step-grandmother,
Diane Boling, came to the house to babysit Todd and appellant's two-year-old daughter while
Wood was away at work. Appellant was also at the house that day. That morning, appellant
called to Todd to come outside and help him pick up trash in the front yard. The boy went
outside and, as he left the house, the family dog ran outside. Soon thereafter, the dog ran into
the street and was hit by a car. Appellant, extremely upset about the dog being hit, picked up the
injured dog and brought it back to Todd. Appellant, yelling at Todd, had the boy hold the dog's
head while appellant attempted to kill the dog with a hammer. Growing angrier and continuing
to yell, appellant told Todd that since it was his responsibility to see to it that the dog did not
leave the house, it was his fault that the dog had run out into the street and had been hit. 
Appellant was unable to kill the dog. He told Todd that he must hold the dog in his lap until it
died. Appellant then broke a branch from a tree in the yard and hit Todd repeatedly about the
head and torso with his hands and the branch while the boy was holding the bleeding, dying dog. 
 

 Todd testified that while his mother was at work and his grandmother was staying
with him, he went outside. At the same time he went outside, the dog ran outside. He explained
that the dog ran into the street and was hit by a car. He explained that appellant hit the dog on
top of its head with a hammer while he held the dog's head up. Appellant got very angry at him
while he was holding the bleeding dog. Appellant hit him on his hands, buttocks, and legs with
a stick appellant had pulled off a tree. After the dog died, he and appellant buried the dog. 


 Wood testified that she returned from work in the early afternoon to find her son
sitting under a tree in the front yard with the dog in his lap. Todd had blood on the right side
of his face, down his chest, and across his lap and was shaking and crying. She found appellant
outraged and saying that it was Todd's fault that the dog had been hit and that if the boy would
have listened, the dog would not have been killed. She found Boling and appellant's daughter
standing on the porch. Wood testified that she had never given appellant permission to discipline
Todd by spanking or otherwise hitting him. 

 Though appellant did not testify at trial, the State introduced into evidence a written
statement appellant gave to the Austin police. Appellant denied the allegations of abusing Todd
and specifically denied hitting the boy with a branch. In the past, he had spanked Todd with a
wooden stick on the palm of his hand and on his buttocks as discipline. Once, he spanked Todd
with a snakeskin belt while the boy had his pants on. Regarding the death of the dog, appellant
stated that he picked up the dog out of the street, put the dog in Todd's arms and he had the boy
carry the dog over to a shade tree. Appellant then talked to Todd and explained to him that there
was a reason that he had asked Todd to keep the dog in the house. Appellant explained death to
Todd and his daughter and that the dog was going away. Appellant told the children that he
needed to put the dog to sleep. Appellant attempted, unsuccessfully, to kill the dog with a
hammer. Appellant stated that Wood was the primary disciplinarian in the house and that, while
he had disciplined Todd in the past, he had never done so to the extent of bruising him. 

 Appellant received a jury instruction regarding the use of force by a parent against
a child pursuant to section 9.61 of the Penal Code. (1) The trial court instructed the jury in
paragraph four of the charge as follows:



 The use of force, but not deadly force, against a child younger than 18 years
is justified if the actor is the child's parent or stepparent or is acting in loco
parentis to the child; and when and to the degree the actor reasonably believes the
force is necessary to discipline the child or to safeguard or promote his welfare.


 "In loco parentis" includes grandparent and guardian, any person acting by,
through, or under the direction of a court with jurisdiction over the child, and
anyone who has express or implied consent of the parents.



Appellant did not object to this instruction. 

 Appellant now asserts for the first time that the trial court fundamentally erred
when giving this instruction by failing to apply the law to the facts and by failing to include a
statement that, "if the State failed to disprove beyond a reasonable doubt that appellant's conduct
fell within the exception, they were required to vote `Not Guilty'." 



ANALYSIS


 If no proper objection to the jury charge is made at trial and appellant claims that
the error is "fundamental," the judgment will be reversed only if the error is so egregious and
created such harm that the appellant has not had a fair and impartial trial. The actual degree of
harm must be assayed in light of the entire jury charge, the state of the evidence, including the
contested issues and weight of the probative evidence, the argument of counsel, and any other
relevant information revealed by the record of the trial court as a whole. Bailey v. State, 867
S.W.2d 42, 43 (Tex. Crim. App. 1993); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984); Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). Since appellant failed to object
to the instruction given at trial, in order to obtain a reversal, he must now show that the trial court
erred fundamentally and that, by such error, he was deprived of a fair and impartial trial. 

 Section 9.61 is a defense to the use of force, but not deadly force, against a child
younger than eighteen years. As applied to this cause, section 9.61 permitted appellant's use of
force against Todd only if Wood had given appellant express or implied consent to use such force
to the degree necessary to discipline the boy, or to safeguard him or promote his welfare. 
Teubner v. State, 742 S.W.2d 57, 59 (Tex. App.--Houston [14th Dist.] 1987, pet. ref'd);
McClinton v. State, 647 S.W.2d 400, 404 (Tex. App.--Fort Worth 1983, pet. ref'd). The evidence
reflects, however, that Wood did not give appellant her express or implied consent to discipline
Todd. Furthermore, appellant denied striking Todd in his statement to police. Appellant never
claimed that he struck Todd for the purpose of discipline or sought to justify his actions on that
basis. 

 After reviewing the entire record, the jury charge, the state of the evidence, and
the arguments of counsel, we conclude that the trial court's failure to apply section 9.61 to the
facts, if error, was not so egregious as to have denied appellant an impartial trial. Finding no
fundamental error, we overrule appellant's sole point of error.



 CONCLUSION


 The judgment of conviction is affirmed. 


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: January 24, 1996

Do Not Publish
1.   Section 9.61 of the Penal Code provides as follows:


(a) The use of force, but not deadly force, against a child younger than 18 years
is justified:

 (1) if the actor is the child's parent or stepparent or is acting in loco parentis
to the child; and 

 (2) when and to the degree that actor reasonably believes the force is
necessary to discipline the child or to safeguard or promote his welfare. 

 (b) For purposes of this section, "in loco parentis" includes
grandparent and guardian, any person acting by, through, or under the
direction of a court with jurisdiction over the child, and anyone who has
express or implied consent of the parent or parents. 


Tex. Penal Code Ann. § 9.61 (West 1994). It is a defense to prosecution that the conduct in
question is justified under chapter 9 of the Penal Code. Tex. Pen. Code Ann. § 9.02 (West
1994). Sections 9.02 and 9.61 were unchanged by the 1994 Penal Code amendments.



>



Appellant did not object to this instruction. 

 Appellant now asserts for the first time that the trial court fundamentally erred
when giving this instruction by failing to apply the law to the facts and by failing to include a
statement that, "if the State failed to disprove beyond a reasonable doubt that appellant's conduct
fell within the exception, they were required to vote `Not Guilty'." 



ANALYSIS


 If no proper objection to the jury charge is made at trial and appellant claims that
the error is "fundamental," the judgment will be reversed only if the error is so egregious and
created such harm that the appellant has not had a fair and impartial trial. The actual degree of
harm must be assayed in light of the entire jury charge, the state of the evidence, including the
contested issues and weight of the probative evidence, the argument of counsel, and any other
relevant information revealed by the record of the trial court as a whole. Bailey v. State, 867
S.W.2d 42, 43 (Tex. Crim. App. 1993); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984); Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). Since appellant failed to object
to the instruction given at trial, in order to obtain a reversal, he must now show that the trial court
erred fundamentally and that, by such error, he was deprived of a fair and impartial trial. 

 Section 9.61 is a defense to the use of force, but not deadly force, against a child
younger than eighteen years. As applied to this cause, section 9.61 permitted appellant's use of
force against Todd only if Wood had given appellant express or implied consent to use such force
to the degree necessary to discipline the boy, or to safeguard him or promote his welfare. 
Teubner v. State, 742 S.W.2d 57, 59 (Tex. App.--Houston [14th Dist.] 1987, pet. ref'd);
McClinton v. State, 647 S.W.2d 400, 404 (Tex. App.--Fort Worth 1983, pet. ref'd). The evidence
reflects, however, that Wood did not give appellant her express or implie