**Lucio QUINTERO, true name, De Leon, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43172.**

Court of Criminal Appeals of Texas.

Nov. 10, 1970.

Rehearing Denied Dec. 31, 1970.

James R. Gillespie, Raymond R. Wietzel, San Antonio, for appellant.

Ted Butler, Dist. Atty., Earl Hill and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is statutory rape; the punishment, eight (8) years.

The record reflects that appellant was represented by two retained counsel who appear to have carefully advised him of his rights. At the trial, the State having waived the death penalty, the appellant entered a plea of guilty before the court waiving trial by jury. He was carefully admonished of the consequences of his plea by the court and persisted in pleading guilty, stating to the court that he was pleading guilty freely and voluntarily because he was guilty.

At this juncture a written stipulation under oath was entered into between the appellant, his attorneys and the attorney representing the State, waiving the appearance and cross-examination of several named witnesses and agreeing their written statements might be introduced into evidence and that all of the stipulations were true and correct. The sworn stipulation included the statement that all allegations of count one (Statutory Rape) of the indictment were true and correct. It was further stipulated that appellant was the identical person named in the attached statements and exhibits and in the indictment. Such exhibits included a police offense report, a statement from the prosecutrix who was 16 years old at the time of the alleged offense, reciting the details of the rape by Lucio, Armando and Jesse, a statement of Yolanda Krause, in which she stated that appellant and two other boys had picked her and the prosecutrix up on the way home from a dance, that appellant tried to kiss the prosecutrix, and that they left her house saying that they would take the prosecutrix home. A further statement of said witness in which she stated "she would know Lucio (the appellant) anywhere" was included. A statement from a doctor was also introduced which showed that he examined the prosecutrix the following morning and found injuries to her hymen and "vaginal material positive for spermatozoa." Before the stipulations were admitted into evidence the court carefully inquired of the appellant if he had read the same, under the stipulations and if they were true and correct. The appellant personally answered in the affirmative.

Subsequently, at the hearing on application for probation, appellant's attorneys took the position that they had been deceived by the prosecutor on the grounds that the prosecutrix did not want to prosecute appellant and had so told the prosecutor and she might not be able to identify appellant if she were called as a witness.

 The State called the prosecutrix at such hearing and she testified that she wanted to prosecute the case [1] and that she had told the prosecutor that she would come and testify even though she was ill at the time.

The record contains no testimony from appellant that he personally relied upon any statement by the prosecutor inducing him to enter his plea of guilty.

The trial court who presided at both hearings concluded that counsel had not been overreached and we agree. McMann v. Richardson, 397 U.S. 759, 25 L. Ed.2d 763, 90 S.Ct. 1441 and Parker v. North Carolina, 397 U.S. 790, 25 L.Ed.2d 785, 90 S.Ct. 1458, 1459.

The judgment is affirmed.

---

1. A witness, of course, has no control over a case and may be required to testify against his wishes.