Jimmy JORDAN, Appellant,

v.

The STATE of Texas, Appellee
(two cases).

Nos. 45026, 45302.

Court of Criminal Appeals of Texas.

May 9, 1972.

John T. Montford, Lubbock (On Appeal Only), for appellant.

Blair Cherry, Jr., Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant appeals from two convictions: one for robbery by firearms, and the other for murder without malice. In both cases, appellant pled guilty before the court, which assessed punishment at confinement for ten years in the robbery case, and at confinement for fifteen years in the murder case. In that our disposition of both cases is identical, the two cases are considered together in this opinion.

Upon examination of the records, we find that they have not been prepared and approved as required by Article 40.09, § 7, Vernon's Ann.C.C.P. An "Order of Approval" signed by the trial judge, appears in both records, in which the trial court approved "the foregoing Transcript of Record." The matter preceding the approval includes the various motions and pleadings, etc., filed in the case. The state-ments of facts in each case are separate and apart from the "transcript" 'and their pages are numbered separately. The state-ments of facts contain only the court reporter's certificate. The index of the "transcript" in each case does not refer to the statement of facts.[1] Therefore, we are led to the conclusion that the trial court's approval in each case does not include the statement of facts. That being the case, the entire records, as defined in Art. 40.09, § 1, V.A.C.C.P., have not been approved by the trial court as required by Art. 40.-09, § 7, V.A.C.C.P.

We also note that the records do not indicate that notice of completion of the records was given to either party by the clerk, as required by Article 40.09, § 7, V.A.C.C.P.

The appeals will be abated to await the approval of the entire records and such further proceedings as may be had in the trial court pursuant to Art. 40.09, V.A.C.C.P., after such approval, as though the records had not been filed in this Court. McKinney v. State, 477 S.W.2d 295 (Tex.Crim. App.1972); Posas v. State, 463 S.W.2d 735 (Tex.Crim.App.1971); Bell v. State, 434 S.W.2d 684 (Tex.Crim.App.1968); St. John v. State, 421 S.W.2d 661 (Tex.Crim. App.1967); Johnson v. State, 420 S.W.2d 728 (Tex.Crim.App.1967); Fleming v. State, 419 S.W.2d 379 (Tex.Crim.App. 1967); Trussell v. State, 419 S.W.2d 378 (Tex.Crim.App.1967); Stoker v. State, 415 S.W.2d 923 (Texi.Crim.App.1967).

It is so ordered.

---

1. While it is not imperative that the statement of facts be bound with the other matter contained in the record, the pages of the statement of facts should be numbered consecutively with the other matter in the record, and should be includ-ed in the index. Art. 40.09, § 1, V.A.C.C.P. For a detailed description of the proper method of preparing the appellate record, see note 1 in Zambrano v. State, 478 S.W.2d 500 (Tex.Crim.App., 1972).