**Jimmy JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45026.

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Rehearing Denied Jan. 31, 1973.

------◆------

John T. Montford, Lubbock (On Appeal Only), for appellant.

Blair Cherry, Jr., Dist. Atty. and Troy C. Hurley, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by firearms; the punishment, ten (10) years.

Appellant's appeal was abated because the record was not prepared and approved as required by Article 40.09, Section 7, Vernon's Ann.C.C.P. See Jordan v. State, Tex.Cr.App., 479 S.W.2d 667. Appellant has filed a supplemental transcript which shows sufficient compliance with the statute.

Appellant's three grounds of error relate to the evidence introduced to support his guilty plea under Article 1.15, V.A.C.C.P.

The record reflects that appellant waived his right to trial by jury and entered into a sworn, written stipulation of evidence approved by his attorney, the prosecutor, and the Court whereby he waived the appearance, confrontation and cross-examination of witnesses and agreed to the introduction of testimony by written statements.[1] The stipulation also acknowledges "that all the allegations contained in said indictment [in this cause] are true and correct."

After the Court duly admonished appellant concerning the consequences of his plea, the State introduced appellant's stipulation including the written statements of two witnesses, signed by the appellant and his attorney, and the indictment, in evidence.

Each statement recites that if the witness were present he would testify that he was present at the service station which was robbed on the night in question and saw appellant, whom he later identified in a line-up as one of the men who robbed the station at gunpoint. The statement of one of the witnesses, the operator of the service station, further stipulates that he would testify that he was in possession and control of the money and the cash register, that he did not give anyone permission to take it, and that he was placed in fear of his life by virtue of the fact that a gun was pointed at him during the robbery.

The record reflects sufficient compliance with Article 1.15, supra.

The evidence was reduced to writing and filed with the clerk at the time the plea was entered. Moss v. State, Tex.Cr.App., 468 S.W.2d 807.

Finding no reversible error, the judgment is affirmed.

1. Article 1.15, V.A.C.C.P., as amended, which now permits oral stipulations, was not in effect at the time of this trial.