Jimmy JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 45302.

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Rehearing Denied Jan. 31, 1973.

John T. Montford, Lubbock (On Appeal Only), for appellant.

Blair Cherry, Jr., Dist. Atty., Lubbock and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment on a plea of guilty before the Court, fifteen (15) years.

Appellant's appeal was abated because the record was not prepared and approved as required by Article 40.09, Section 7, Vernon's Ann.C.C.P. See Jordan v. State, Tex.Cr.App., 479 S.W.2d 667. Appellant has filed a supplemental transcript showing sufficient compliance with the statute.

Appellant raises two grounds of error. First he contends that the evidence is insufficient to support his plea under Article 1.15, V.A.C.C.P. Specifically, he contends there is no probative evidence establishing a corpus delecti. Appellant's second ground of error is that he was denied the right to confrontation and cross-examination.

The record reflects appellant waived his right to trial by jury and entered into a sworn written stipulation of evidence, approved by his attorney and the Court, whereby he waived the appearance, confrontation and cross-examination of witnesses and agreed to the introduction of testimony by affidavits.[1] The stipulation also acknowledges "that all the allegations contained in said indictment[2] [in this cause] are true and correct."

After the Court duly admonished appellant concerning the consequences of his plea, the State introduced appellant's stipulation, including the affidavits of the witnesses and the indictment, in evidence.

The affidavits of three witnesses state that on the evening in question they were either in or near a car which was stopped near a cafe. Another car across the road began backing up and the appellant, who was riding in that car, shouted to the others to move their car and not block the road. The deceased, the driver of the first car, at first seemed to comply, but then after the appellant shouted again began to get out of the car. At that point appellant jumped out of his car and began shooting. The deceased slumped back into his car and began driving. A short distance later he stopped, said he was shot in the heart, and lost consciousness. His companions drove him to the hospital.

The record reflects sufficient compliance with Article 1.15, supra, and we, therefore, overrule appellant's contentions. Quintero v. State, Tex.Cr.App., 460 S.W.2d 910.

While it does not appear that the cause of death was shown, in view of the appellant's stipulation we find the evidence sufficient to support the conviction.[3]

Finding no reversible error, the judgment is affirmed.

1. Article 1.15, V.A.C.C.P., as amended, which now permits oral stipulations, was not in effect at the time of trial.

2. The indictment, omitting the formal parts, alleges that "Jimmy Jordan did then and there unlawfully and with malice aforethought, voluntarily kill J. W. Quincy by shooting him with a firearm, to wit a pistol."

3. Trial judges should heed the admonition made by my brother Roberts, J., in footnote [1] in Drain v. State, Tex.Cr.App., 465 S.W.2d 939.