Affirmed and Memorandum Opinion filed November 10, 2005









Affirmed
and Memorandum Opinion filed November 10, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00617-CR

____________

 

ANTHONY LEE
RAINBOLT,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 962,922

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Anthony Lee Rainbolt, pled
guilty to aggravated robbery in a bench trial. 
He was subsequently convicted and sentenced to seven years=
imprisonment.  On appeal, appellant
contends the trial judge erred by assessing punishment after appellant made a
written election for jury punishment and by failing to withdraw the guilty plea
after appellant maintained his innocence. 
Appellant also claims he received ineffective assistance of
counsel.  We affirm.








Appellant pled guilty on March 15, 2004;
there was no plea agreement.[1]  The trial court accepted appellant=s guilty plea but
deferred a finding of guilt, resetting the case so a presentence investigation
(APSI@) could be
conducted and a PSI report prepared. 
Although he pled guilty, appellant asserted his innocence in the PSI
report and at the subsequent PSI/sentencing hearing.  Appellant made no objection when the judge
assessed punishment.

Appeal Waiver

The trial judge certified that appellant
has the right of appeal, but that he waived that right.  AAppeal
waived.  No permission to appeal granted@ was stamped next
to the judge=s signature on the judgment.  We must, therefore, determine whether
appellant waived his right to appeal nonjurisdictional issues arising after the
entry of his guilty plea.








A defendant may waive his right to appeal
in non-capital felony cases.  Tex. Code Crim. Proc. Ann. art.
1.14  (Vernon 2005), art. 44.02 (Vernon
1979 & Supp. 2005); Monreal v. State, 99 S.W.3d 615, 617 (Tex. Crim.
App. 2003).  Entering a non-negotiated
guilty plea will not, on its own, waive the appeal of error occurring at or
after entry of a guilty plea.  Jack v.
State, 871 S.W.2d 741, 744 (Tex. Crim. App. 1994).  Moreover, any waiver of appeal must be made
knowingly, voluntarily and intelligently. 
See Monreal, 99 S.W.3d at 618, 620 (explaining relevant issue in
distinction between valid appeal waiver made with plea bargain before
sentencing and valid appeal waiver made without plea bargain after sentencing
is the timing of the waiver and whether defendant was in a position to know
what the punishment would be and what errors would occur after the plea); Tufele
v. State, 130 S.W.3d 267, 270 (Tex. App.CHouston [14th
Dist.] 2004, no pet.) (holding appellant could not have waived his right to
appeal error occurring after entry of his guilty plea at the time he entered
his plea).  The record indicates
appellant could only have attempted to waive his right to appeal at the March
15, 2004 hearing.[2]  Appellant could not have knowingly waived his
right to appeal sentencing error when he entered his guilty plea on March 15,
2004, as he neither bargained for a sentencing recommendation nor waived appeal
after sentencing on June 9, 2004.  We
therefore address the merits of appellant=s complaints.

Election for Jury Sentencing

Appellant first argues the trial judge
erroneously assessed punishment after appellant timely filed an election for
jury sentencing.  When a defendant elects
at the beginning of trial to have a jury assess punishment, it is presumed he
has agreed at the end of trial for the court to assess punishment when the
court does so, and no objection by either party appears in the record.  Hackey v. State, 500 S.W.2d 520, 521
(Tex. Crim. App. 1973); Prudhomme v. State, 47 S.W.3d 683, 690 (Tex.
App.CTexarkana 2001,
pet. ref=d).  Here, neither appellant nor the State
objected to the trial judge=s assessment of
punishment, and appellant points to nothing in the record to refute the
presumption he agreed to such practice.[3]  Absent an objection or any indication
appellant did not agree to sentencing at the bench, we hold appellant has
waived this issue.  Accordingly,
appellant=s first point of error is overruled.








Failure
to Withdraw Guilty Plea

Appellant next
argues the trial judge erred by accepting and not sua sponte withdrawing
appellant=s guilty plea once appellant testified to
his innocence at the PSI/sentencing hearing.

A judge is not required to sua sponte
withdraw a guilty plea if evidence is brought to the judge=s attention
raising an issue as to innocence (even if it makes defendant=s innocence
evident), when the right to a jury trial has been waived and proceedings are
before the court only.  Moon v. State,
572 S.W.2d 681, 682 (Tex. Crim. App. 1978); Fisher v. State, 104 S.W.3d
923, 924 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  This is because the judge is free to make any
finding based on the evidence before herCguilty, not
guilty, or guilty of a lesser-included offenseCregardless of the
plea.  Moon, 572 S.W.2d at 682; Rivera
v. State, 123 S.W.3d 21, 32B33 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d); Solis v. State, 945 S.W.2d 300,
302B03 (Tex. App.CHouston [1st
Dist.] 1997, pet. ref=d); Graves v. State, 803 S.W.2d
342, 346 (Tex. App.CHouston [14th Dist.] 1990, pet. ref=d).  Here, the trial judge, as the trier of the
facts, considered the evidence and, after determining appellant=s plea was
knowingly, intelligently and voluntarily made, accepted his plea and sentenced
him accordingly.  The trial judge did not
err by not sua sponte withdrawing appellant=s plea of
guilt.  See Fisher, 104 S.W.3d at
924 (finding no error in refusing to withdraw guilty plea when appellant
entered valid plea to judge but PSI report raised issue as to innocence).








Before a judge may accept a plea of
guilty, she  must make certain
admonishments to the defendant and determine whether the defendant is mentally
competent.  Tex. Code Crim. Proc. Ann. Art. 26.13(a) (Vernon Supp. 2004B05); see also
Brady v. United States, 397 U.S. 742, 748 (1970) (explaining guilty plea
must be voluntary expression of defendant=s own
choice).  If the record establishes the
trial court properly admonished the defendant regarding the consequences of his
plea, there is a prima facie showing the guilty plea was entered
knowingly and voluntarily.  Ex parte
Gibauitch, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985); Pena v. State,
132 S.W.3d 663, 666 (Tex. App.CCorpus Christi
2004, no pet.); Dorsey v. State, 55 S.W.3d 227, 235 (Tex. App.CCorpus Christi
2001, no pet.).  The burden then shifts
to the defendant to show he pled guilty without understanding the consequences
of his plea and, consequently, suffered harm. 
Gibauitch, 688 S.W.2d at 871; Dorsey, 55 S.W.3d at
235.  Appellant does not argue he was
improperly admonished, and the record shows he signed each of the requisite
admonishments.  Appellant does not
contend he did not understand the consequences of his plea, and he was found to
be mentally competent when his plea was entered.  Accordingly, we find his plea was properly
accepted by the trial judge and appellant=s second issue is
overruled.

Insufficiency of the Evidence








In his third issue, appellant argues the
trial court should have sua sponte withdrawn his guilty plea after
hearing evidence of his innocence. 
Appellant contends this would allow him to challenge the sufficiency of
the evidence on appeal.  He argues his
judicial confession would cause any evidentiary challenge to be summarily
denied on appeal.  See Dinnery v.
State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (holding defendant=s judicial
confession alone is sufficient to sustain conviction upon guilty plea).  In effect, appellant attempts to say there
will be legally and factually insufficient evidence to convict if his guilty
plea is withdrawn.  It is well
established that the entry of  a guilty
plea supported by a judicial confession relieves the State of its burden to
prove the defendant=s guilt beyond a reasonable doubt.  Thus, the evidence supporting a conviction
will always be insufficient once a defendant is permitted to withdraw his
plea.  However, nothing in our
jurisprudence suggests the State has any obligation to marshal all the evidence
for inclusion in the PSI report.  We do
not assess potential sufficiency of the evidence from the contents of a PSI
reportClegal and factual
sufficiency review do not apply to convictions on pleas of guilty.[4]  See Ex parte Williams, 703 S.W.2d 674,
682 (Tex. Crim. App. 1986) (explaining sufficiency of the evidence review
applies only when the federal constitution places the burden on the prosecution
to establish guilt beyond a reasonable doubt and does not apply when a
defendant knowingly, intelligently and voluntarily enters a guilty plea); see
Ybarra v. State, 960 S.W.2d 742, 745 (Tex. App.CDallas 1997, no
pet.) (finding defendant who pled guilty to court by executing a valid judicial
confession waived any challenge to factual sufficiency of the evidence).  Appellant=s third issue is
overruled.

Equal Protection and Due Process of Law

Appellant claims the trial court=s failure to sua
sponte order his guilty plea withdrawn resulted in the denial of his rights
to equal protection and due process of law. 
U.S. Const. amend. XIV, ' 1; Tex. Const. art. I, '' 3, 19.  With respect to his equal protection claim,
appellant argues defendants who claim innocence but are not burdened by a
regretted plea of guilty are treated differently, as they may effectively
challenge the sufficiency of the evidence on appeal but he may not, due to his
judicial confession.  Appellant neglects
the fact that his choice to enter a guilty plea placed him in a different class
of defendants than those who choose to go to trial.  The equal protection clause protects those
similarly situated individuals who are disparately treated by no fault or
choice of their own; it is not a tool to challenge the regrettable results of
fair proceedings knowingly entered into by defendants.  See Plyler v. Doe, 457 U.S. 202, 213
(1982) (explaining the AEqual Protection Clause was intended to
work nothing less than the abolition of all caste‑based and invidious
class‑based legislation.@).  Appellant argues he Awill be denied due
process of law if he is not permitted to challenge the sufficiency of the
evidence because of a series of procedural bars.@  This slim statement fails to provide any
argument or authority; therefore, it is waived on appeal.   Tex. R. App. P. 38.1(h).  Appellant=s fourth point of
error is overruled.








Ineffective
Assistance of Counsel

Appellant, in his
final argument, claims his attorney=s failure to seek
withdrawal of his guilty plea rendered it involuntary.  Specifically, appellant argues his attorney
should not have allowed the plea after appellant stated he was not guilty of
the offense, and that there can be no plausible trial strategy in allowing a
defendant claiming innocence to plead guilty.

When a defendant enters a plea and later
challenges the voluntariness of that plea based on ineffective assistance of
counsel, the voluntariness of his plea depends on (1) whether counsel=s advice was
within the range of competence demanded of attorneys in criminal cases and, if
not, (2) whether there is a reasonable probability that, but for counsel=s error, the
defendant would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 56
(1985); Strickland v. Washington, 466 U.S. 668, 693B94 (1984); Ex
parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).  There is a strong presumption an attorney=s performance fell
within a wide range of reasonable professional assistance.  Hernandez v. State, 988 S.W.2d 770,
772 (Tex. Crim. App. 1999); Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994).  Appellant must rebut
this presumption by a preponderance of the evidence; as such, the record must
affirmatively demonstrate the alleged ineffectiveness.  McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996), overruled on other grounds by Mosely v. State,
983 S.W.2d 249 (Tex. Crim. App. 1998); Jackson, 877 S.W.2d at 771.  An ineffective assistance claim with a record
silent as to trial counsel=s motivations will
generally fail, as the presumption that the attorney=s conduct was
reasonable has not been overcome.  See
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (denying
ineffective assistance claim where record is silent as to why counsel did not
request guilty plea withdrawn); see Jackson, 877 S.W.2d at 771 (refusing
to speculate why trial counsel failed to strike venire member where record is
silent on reason behind attorney=s conduct).








While there is no reporter=s record of the
entry of appellant=s guilty plea, the record does show he was
properly admonishedCthis establishes a prima facie case
his plea was knowingly and voluntarily entered. 
Mallett, 65 S.W.3d at 65. 
After appellant testified to his innocence, his attorney did not seek to
withdraw his guilty plea.  Instead, he
requested the court grant deferred adjudication and gave several reasons why
deferred adjudication would be appropriate. 
He also submitted letters from appellant=s family begging the
court=s lenience and
copies of appellant=s high school transcripts and certificates
of completion of fiberoptic and network cabling courses.  From this record, appellant has not shown his
trial attorney=s conduct fell outside the wide range of
competent representation demanded of attorneys in criminal cases.  Appellant effectively asks this Court to
conclude his attorney had no competent trial strategy when he sought deferred
adjudication from the judge instead of attempting to withdraw appellant=s guilty pleaCthis we cannot
do.  Because appellant has failed to show
error, we need not address the second prong of the Hill v. Lockhart
test.  474 U.S. at 56.  Appellant=s fifth issue is
overruled.

Accordingly, the judgment of the trial
court is affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 10, 2005.

Panel
consists of Justices Yates, Hudson, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  There is no
reporter=s record of the March 15, 2004 hearing.  The clerk=s record reflects that, on that date, appellant elected to
have a jury hear and determine punishment and filed a sworn motion for
probation.  He also signed a written
waiver of constitutional rights, agreement to stipulate, and judicial
confession, waiving his right to a jury trial.





[2]  Appellant
entered his plea on March 15, 2004.  On
that date he also signed a judicial certification of his right to appeal
indicating he waived the right of appeal. 
The certification was filed on March 15, 2004.  The trial judge scratched out the March 15th
date and wrote in AJune 9, 2004" (the date of the PSI/sentencing
hearing).  There is nothing in the record
to show appellant validly waived any right to appeal on June 9th, after his
guilty plea was entered.  Therefore, if
any appeal waiver was attempted, it was on March 15th, before any of the issues
he now challenges occurred.





[3]  Appellant cites to Pace v. State
to show the trial judge erred in assessing punishment.  630 S.W.2d 765 , 765 (Tex. App.CHouston [1st Dist.] 1982, pet. dism=d). 
The Pace defendant, however, did not waive a jury trial, and
properly preserved the judge-assessed sentencing error.  Id. 
Pace held a defendant may timely elect jury punishment immediately
following a plea made before a jury.  Id. 
Here, the timeliness of appellant=s election is not in questionCthe issue is whether he waived jury
sentencing.  





[4]  Appellant does
not contend there was an insufficient factual basis to support his guilty plea
and, had he done so, his claim would fail. 
See Tex. Code Crim. Proc.
Ann. art. 1.15 (Vernon 2005); see also Jordan v. State, 489
S.W.2d 118, 119 (Tex. Crim. App. 1972) (finding article 1.15 requiring the
State to produce sufficient evidence to support guilt was complied with when
defendant entered guilty plea, waived jury trial, and entered a sworn, written
stipulation of evidence).